IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **JERRY PARKER,** | § | |
| Plaintiff, | § | |
| | § | CASE NO. |
| vs. | § | |
| | § | CV-3:07-cv-1107-WKW |
| **MUTUAL OF OMAHA INSURANCE COMPANY, et al.,** | § | |
| Defendants. | § | |

## ANSWER OF DEFENDANTS MUTUAL OF OMAHA INSURANCE COMPANY AND UNITED OF OMAHA LIFE INSURANCE COMPANY

Defendants Mutual of Omaha Insurance Company ("Mutual of Omaha") and United of Omaha Life Insurance Company ("United of Omaha") respond to the Complaint in the above-styled action as follows:

1.      Mutual of Omaha and United of Omaha admit that this action would be governed by the Employee Retirement Income Security Act. To the extent that the remainder of the allegations in Paragraph 1 require a response from these defendants, Mutual of Omaha and United of Omaha deny those allegations and deny that plaintiff is entitled to any relief in this action.

2.      Mutual of Omaha and United of Omaha admit that this Court has jurisdiction over this action.

3.      Mutual of Omaha and United of Omaha admit that venue is appropriate in the United States District Court for the Middle District of Alabama. Mutual of Omaha and United of Omaha deny that any "breach took place" within the Middle District of Alabama or in any other location in relation to plaintiff's claims.

4. Mutual of Omaha and United of Omaha admit that venue is proper in this action. Mutual of Omaha and United of Omaha deny the remaining allegations of Paragraph 4.

5. On information and belief, Mutual of Omaha and United of Omaha admit the allegations of Paragraph 5.

6. Mutual of Omaha and United of Omaha admit the allegations of Paragraph 6.

7. Mutual of Omaha and United of Omaha admit the allegations of Paragraph 7.

8. Mutual of Omaha and United of Omaha admit the allegations of Paragraph 8.

9. United of Omaha admits that it is a claim fiduciary under the Employee Welfare Benefit Plan at issue in this case and that it is authorized to transact the business of insurance in the state of Alabama. Defendants deny the remaining allegations of Paragraph 9.

10. Mutual of Omaha and United of Omaha admit that United of Omaha issued insurance coverage under the Employee Welfare Benefit Plan that is the subject of plaintiff's claim, and that the service address listed in Paragraph 10 is proper. Defendants deny any remaining allegations in Paragraph 10.

11. Mutual of Omaha and United of Omaha are without information sufficient to determine the veracity of the allegations of Paragraph 11; therefore, they deny those allegations.

12. Mutual of Omaha and United of Omaha deny that Defendant Unival Corporation is a plan "fiduciary." These defendants are without information sufficient to determine the veracity of the remaining allegations of Paragraph 12; therefore, they deny those allegations.

13. Mutual of Omaha and United of Omaha deny that Unival Corporation provides services to the plan at issue, and is, as such, a "party in interest." Mutual of Omaha and United of Omaha are without information sufficient to determine the veracity of the allegations as to the

license status of Unival Corporation; therefore, they deny the remaining allegations of Paragraph 13.

14. Mutual of Omaha and United of Omaha are without information sufficient to determine the veracity of the allegations of Paragraph 14; therefore, these defendants deny those allegations.

15. Mutual of Omaha and United of Omaha admit that the Alabama National BanCorporation Group Insurance Plan that is the subject of plaintiff's claim is an employee welfare benefit plan. Mutual of Omaha and United of Omaha are without information sufficient to the veracity of the allegations as to the service address of the plan. Defendants deny the remaining allegations of Paragraph 15.

16. Mutual of Omaha and United of Omaha admit that Alabama National BanCorporation is the named plan administrator for the plan. Defendants are without information sufficient to determine the veracity of the allegations of Paragraph 16 as to the service address for Alabama National BanCorporation

17. Mutual of Omaha and United of Omaha admit that the medical records submitted by plaintiff indicated that plaintiff underwent a heart catheterization and an angioplasty in which a stent was inserted. These defendants are without information sufficient to determine the veracity of the remaining allegations of Paragraph 17; therefore, they deny those allegations.

18. Mutual of Omaha and United of Omaha admit plaintiff's medical records reflect that plaintiff underwent a heart catheterization procedure in 2001. These defendants are without information sufficient to determine the veracity of the remaining allegations of Paragraph 18; therefore, these defendants deny those allegations.

19. Mutual of Omaha and United of Omaha are without information sufficient to determine the veracity of the allegations of Paragraph 19; therefore, defendants deny those allegations.

20. Mutual of Omaha and United of Omaha admit that the medical records reflect that plaintiff was hospitalized and underwent a left heart catheterization/selective coronary angiography and percutaneous transluminal coronary angioplasty, and that a stent was inserted in February 2004. Defendants are without information sufficient to determine the veracity of the remaining allegations of Paragraph 20; therefore, defendants deny those allegations.

21. Mutual of Omaha and United of Omaha admit that the medical records reflect that plaintiff was hospitalized on March 1, 2004 and underwent a left cardiac catheterization, coronary angioplasty, and left ventriculography. These defendants are without information sufficient to determine the veracity of the remaining allegations of Paragraph 21; therefore, these defendants deny those allegations.

22. Mutual of Omaha and United of Omaha assert that the medical records referenced in Paragraph 22 speak for themselves. To the extent that the allegations differ from the medical records cited, defendants deny those allegations. These defendants are also without information sufficient to determine the accuracy of the medical records; therefore, they deny the allegations for that reason.

23. Mutual of Omaha and United of Omaha are without information sufficient to determine the veracity of the allegations of Paragraph 23; therefore, these defendants deny those allegations.

24. Mutual of Omaha and United of Omaha are without information sufficient to determine the veracity of the allegations of Paragraph 24; therefore, they deny those allegations.

25. Mutual of Omaha and United of Omaha are without information sufficient to determine the veracity of the allegations of Paragraph 25; therefore, they deny those allegations.

26. Mutual of Omaha and United of Omaha admit that plaintiff made a claim for short term disability benefits, listing his last day of work as March 1, 2004 and that plaintiff's STD claim number is 250400235601.

27. Mutual of Omaha and United of Omaha admit that plaintiff submitted an Attending Physician Statement purportedly signed by Dr. Kevin Jackson, listing the information set out in Paragraph 27. These defendants deny any remaining allegations of Paragraph 27.

28. Mutual of Omaha and United of Omaha admit that the Attending Physician Statement contains the statements listed in Paragraph 28. These defendants deny any remaining allegations of Paragraph 28.

29. Mutual of Omaha and United of Omaha admit that plaintiff is receiving disability benefits from the Social Security Administration. These defendants are without information sufficient to determine the veracity of the remaining allegations of Paragraph 29; therefore, they deny the remaining allegations of Paragraph 29.

30. Mutual of Omaha and United of Omaha admit that plaintiff was paid short term benefits from March 2, 2004 through September 7, 2004.

31. Mutual of Omaha and United of Omaha admit that plaintiff was notified by letter concerning the status of his STD benefits. The letter speaks for itself.

32. Mutual of Omaha and United of Omaha admit that plaintiff appealed the denial of his STD benefit claim past April 30, 2004.

33. Mutual of Omaha and United of Omaha admit that plaintiff was paid STD benefits until September 7, 2004.

34. Mutual of Omaha and United of Omaha admit that plaintiff submitted a long term disability claim on his long term disability policy number GLTD-82Y8. Defendants deny the remaining allegation of Paragraph 34.

35. Mutual of Omaha and United of Omaha admit that the group long term disability claim form submitted by plaintiff and dated as being signed by plaintiff on October 1, 2004 lists Dr. Kevin Jackson and Dr. Michael Williams as physicians currently treating plaintiff.

36. Mutual of Omaha and United of Omaha admit that Dr. Jackson sent an undated letter concerning his treatment of plaintiff and plaintiff's limitations. That letter speaks for itself.

37. Mutual of Omaha and United of Omaha admit that Molly Kuehl sent plaintiff a letter dated October 25, 2004 regarding his long term disability claim. The letter speaks for itself.

38. Mutual of Omaha and United of Omaha admit that Molly Kuehl sent plaintiff a letter dated December 3, 2004 concerning his long term disability claim. That letter speaks for itself.

39. Mutual of Omaha and United of Omaha admit that plaintiff was interviewed regarding his disability on December 13, 2004. The notes of that interview speak for themselves. Defendants deny the remaining allegations of Paragraph 39.

40. Mutual of Omaha and United of Omaha assert that the notes from the interview dated December 13, 2004 speak for themselves. To the extent that plaintiff's allegations differ from those notes, defendants deny those allegations.

41. Mutual of Omaha and United of Omaha deny the allegations of Paragraph 41. The date appears to be incorrect, as it would place the statement as being filed before the original date of disability. Any documents submitted by Dr. Jackson speak for themselves.

42. Mutual of Omaha and United of Omaha assert that the AP statement submitted by Dr. Jackson speaks for itself.

43. Mutual of Omaha and United of Omaha assert that the letter sent to plaintiff dated January 6, 2005 speaks for itself. Defendants deny the remaining allegations of Paragraph 43.

44. Mutual of Omaha and United of Omaha cannot determine the specific document to which plaintiff is referring and, therefore, are unable to determine the veracity of the allegations of Paragraph 44. Therefore, these defendants deny those allegations.

45. Mutual of Omaha and United of Omaha assert that the internal note dated January 8, 2005 referenced in Paragraph 45 speaks for itself. To the extent that the allegations in Paragraph 45 differ from the actual document, these defendants deny those allegations.

46. Mutual of Omaha and United of Omaha assert that the internal note dated January 11, 2005 referenced in Paragraph 46 speaks for itself. To the extent that the allegations in Paragraph 46 differ from the actual document, these defendants deny those allegations.

47. Mutual of Omaha and United of Omaha assert that the June 30, 2005 letter to plaintiff speaks for itself. These defendants deny the allegations of Paragraph 47 to the extent that they differ from the content of that letter.

48. Mutual of Omaha and United of Omaha assert that the June 30, 2005 letter to plaintiff speaks for itself. These defendants deny the allegations of Paragraph 48 to the extent that they differ from the content of that letter.

49. Mutual of Omaha and United of Omaha assert that the June 30, 2005 letter to plaintiff speaks for itself. These defendants deny the allegations of Paragraph 49 to the extent that they differ from the content of that letter.

50. Mutual of Omaha and United of Omaha assert that the Supplemental Report of

Disability submitted by plaintiff and dated September 10, 2005 speaks for itself. Defendants deny the allegations of Paragraph 50 to the extent that those allegations differ from the Supplemental Report of Disability.

51. Mutual of Omaha and United of Omaha assert that the sleep studies referenced in Paragraph 51 speak for themselves. To the extent that the allegations in Paragraph 51 differ from the content of the reports of the sleep studies, these defendants deny those allegations. These defendants are without information sufficient to determine the veracity of the sleep studies themselves; therefore, they deny any such allegations.

52. Mutual of Omaha and United of Omaha assert that the sleep studies referenced in Paragraph 52 speak for themselves. To the extent that the allegations in Paragraph 52 differ from the content of the reports of the sleep studies, these defendants deny those allegations. These defendants are without information sufficient to determine the veracity of the sleep studies themselves; therefore, they deny any such allegations.

53. Mutual of Omaha and United of Omaha are without information sufficient to determine the veracity of the allegations referenced in Paragraph 53; therefore, these defendants deny those allegations.

54. Mutual of Omaha and United of Omaha admit that plaintiff was notified by letter March 18, 2006 that an overpayment had occurred on his long term disability claim in the amount of $30,488.18, and that payment was requested in the amount of that overpayment. Defendants deny the remaining allegations of Paragraph 54.

55. Mutual of Omaha and United of Omaha admit that plaintiff submitted a check in

the amount of $30,488.18 with an April 4, 2006 letter, representing an overpayment of benefits as a result of the Social Security award for plaintiff. Defendants deny the remaining allegations of Paragraph 55.

56. Mutual of Omaha and United of Omaha admit that plaintiff was sent a letter dated November 3, 2006 concerning his claim for benefits. The letter speaks for itself.

57. Mutual of Omaha and United of Omaha are without information sufficient to determine the veracity of the allegations in Paragraph 57; therefore, defendants deny those allegations.

58. Mutual of Omaha and United of Omaha are without information sufficient to determine the veracity of the allegations in Paragraph 58; therefore, these defendants deny those allegations.

59. Mutual of Omaha and United of Omaha assert that the notes from the "Comprehensive Psychological Evaluation" speak for themselves. To the extent that plaintiff's assertions differ from the actual notes in the "Comprehensive Psychological Evaluation," defendants deny those allegations. These defendants are without information sufficient to determine the veracity of the substantive content of the "Comprehensive Psychological Evaluation" referenced in Paragraph 59; therefore, these defendants deny the allegations regarding that content.

60. Mutual of Omaha and United of Omaha assert that the notes from the "Comprehensive Psychological Evaluation" speak for themselves. To the extent that plaintiff's assertions differ from the actual notes in the "Comprehensive Psychological Evaluation," defendants deny those allegations. These defendants are without information sufficient to determine the veracity of the substantive content of the "Comprehensive Psychological

Evaluation" referenced in Paragraph 60; therefore, these defendants deny the allegations regarding that content.

62. Mutual of Omaha and United of Omaha assert that the notes from the "Comprehensive Psychological Evaluation" speak for themselves. To the extent that plaintiff's assertions differ from the actual notes in the "Comprehensive Psychological Evaluation," defendants deny those allegations. These defendants are without information sufficient to determine the veracity of the substantive content of the "Comprehensive Psychological Evaluation" referenced in Paragraph 61; therefore, these defendants deny the allegations regarding that content.

62. Mutual of Omaha and United of Omaha assert that the notes from the "Comprehensive Psychological Evaluation" speak for themselves. To the extent that plaintiff's assertions differ from the actual notes in the "Comprehensive Psychological Evaluation," defendants deny those allegations. These defendants are without information sufficient to determine the veracity of the substantive content of the "Comprehensive Psychological Evaluation" referenced in Paragraph 62; therefore, these defendants deny the allegations regarding that content.

63. Mutual of Omaha and United of Omaha assert that the notes from the " Comprehensive Psychological Evaluation" speak for themselves. To the extent that plaintiff's assertions differ from the actual notes in the "Comprehensive Psychological Evaluation," defendants deny those allegations. These defendants are without information sufficient to determine the veracity of the substantive content of the "Comprehensive Psychological Evaluation" referenced in Paragraph 63; therefore, these defendants deny the allegations regarding that content.

64. Mutual of Omaha and United of Omaha assert that the notes from the "Comprehensive Psychological Evaluation" speak for themselves. To the extent that plaintiff's assertions differ from the actual notes in the "Comprehensive Psychological Evaluation," defendants deny those allegations. These defendants are without information sufficient to determine the veracity of the substantive content of the "Comprehensive Psychological Evaluation" referenced in Paragraph 64; therefore, these defendants deny the allegations regarding that content.

65. Mutual of Omaha and United of Omaha admit that a letter was sent to plaintiff on October 15, 2007 concerning the decision on his claim for disability benefits. The October 15, 2007 letter speaks for itself. To the extent that the assertions in Paragraph 65 differ from the content of the letter, these defendants deny those allegations.

66. Mutual of Omaha and United of Omaha admit that a letter was sent to plaintiff to the plaintiff on October 15, 2007 concerning the decision on his claim for disability benefits. The October 15, 2007 letter speaks for itself. To the extent that the assertions in Paragraph 66 differ from the content of the letter, these defendants deny those allegations.

67. Mutual of Omaha and United of Omaha deny that plaintiff is entitled to any additional benefits under the terms of the policy. Defendants are without information sufficient to determine the veracity of the remaining allegations of Paragraph 67; therefore, they deny those allegations.

68. Mutual of Omaha and United of Omaha admit that plaintiff's counsel requested certain documents identified in his January 26, 2007 letter. The letter speaks for itself. These defendants deny the allegations in Paragraph 68 concerning that letter to the extent that those allegations differ from the content of the letter.

69. Mutual of Omaha and United of Omaha admit that United of Omaha produced copies of documents relating to plaintiff's claim. These defendants deny the remaining allegations of Paragraph 69.

70. Mutual of Omaha and United of Omaha admit that plaintiff's counsel continued to request certain documents in various letters to Mutual of Omaha and United of Omaha. Those requests speak for themselves.

71. Mutual of Omaha and United of Omaha admit that on June 11, 2007 United of Omaha produced a copy of the "policy booklet" containing the group short term disability, group long term disability, group life, and AD&D policies.

72. Mutual of Omaha and United of Omaha admit that United of Omaha produced certain documents to plaintiff, including certain records. Defendants deny the remaining allegations of Paragraph 72.

73. Mutual of Omaha and United of Omaha adopt and incorporate all paragraphs of the above answer as if fully set forth herein.

74. Mutual of Omaha and United of Omaha admit that the plan is "Employee Welfare Benefit Plan." Defendants deny the remaining allegations of Paragraph 74.

75. Mutual of Omaha and United of Omaha admit that plaintiff is a "participant" and a "beneficiary" in the Employee Welfare Benefit Plan at issue. Defendants deny the remaining allegations of Paragraph 75.

76. Mutual of Omaha and United of Omaha deny the allegations of Paragraph 76.

77. Mutual of Omaha and United of Omaha deny the allegations of Paragraph 77.

78. Mutual of Omaha and United of Omaha deny the allegations of Paragraph 78.

79. Mutual of Omaha and United of Omaha deny the allegations of Paragraph 79.

80. Mutual of Omaha and United of Omaha deny the allegations of Paragraph 80.

81. Mutual of Omaha and United of Omaha deny the allegations of Paragraph 81.

82. Mutual of Omaha and United of Omaha deny the allegations of Paragraph 82.

83. Mutual of Omaha and United of Omaha deny the allegations of Paragraph 83.

84. Mutual of Omaha and United of Omaha deny the allegations of Paragraph 84.

85. Mutual of Omaha and United of Omaha adopt and incorporate all paragraphs of the above answer as if fully set forth herein.

86. Mutual of Omaha and United of Omaha deny that either company is the plan administrator or the *defacto* plan administrator. These defendants are without information sufficient to determine the validity as to what materials were requested from the plan administrator; therefore, these defendants deny those allegations.

87. Mutual of Omaha and United of Omaha assert that Paragraph 87 alleges a proposition of statutory law. To the extent that statement fails to accurately describe the statute or incompletely describes the statute, defendants deny those allegations.

88. Mutual of Omaha and United of Omaha assert that Paragraph 88 alleges a proposition of statutory law. To the extent that statement fails to accurately describe the statute or incompletely describes the statute, defendants deny those allegations.

89. Mutual of Omaha and United of Omaha deny that either company is the plan administrator or the *defacto* plan administrator. These defendants are without information sufficient to determine the validity the accuracy of the allegations as to what the plan administrator or any *defacto* plan administrator failed or refused to provide; therefore, these defendants deny those allegations.

90.     Mutual of Omaha and United of Omaha assert that Paragraph 90 alleges a proposition of statutory law. To the extent that statement fails to accurately describe the statute or incompletely describes the statute, defendants deny those allegations.

91.     Mutual of Omaha and United of Omaha assert that Paragraph 91 alleges a proposition of statutory law. To the extent that statement fails to accurately describe the statute or incompletely describes the statute, defendants deny those allegations.

## GENERAL DENIAL

Mutual of Omaha and United of Omaha deny the allegations in Plaintiff's Complaint except to the extent expressly admitted hereinabove and deny that Plaintiff is entitled to any relief in this action.

## FIRST DEFENSE

Plaintiff's Complaint and each claim therein, separately and severally, fail to state claims upon which relief can be granted against either Mutual of Omaha or United of Omaha.

## SECOND DEFENSE

Under applicable standard of review pursuant to ERISA, the decisions on plaintiff's claim were correct, and were not arbitrary and capricious.

## THIRD DEFENSE

Plaintiff has failed to satisfy condition(s) precedent to recovery under the plan.

## FOURTH DEFENSE

Plaintiff is not entitled to any future damages.

### FIFTH DEFENSE

Plaintiff's claims are barred or reduced, in whole or in part, by benefit offsets he has received or obtained.

### SIXTH DEFENSE

Any recovery due Plaintiff is limited solely to recovery expressly allowed by ERISA.

### SEVENTH DEFENSE

Plaintiff's claims relating to the alleged failure to provide plan documents fail to state claims against Mutual of Omaha or United of Omaha.

### EIGHTH DEFENSE

Plaintiff is not entitled to any equitable relief.

### NINTH DEFENSE

Plaintiff has failed to exhaust his administrative remedies as to any claim other than the short term disability claim or the long term disability claim.

Defendants reserve the right to assert additional defenses at the appropriate time.


Respectfully submitted,


*s/Henry T. Morrissette*
HENRY T. MORRISSETTE     (MORRH7622)


HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama  36601
Telephone:    (251) 432-5511
E-mail: hmorrissette@handarendall.com


Attorney for Defendants United of Omaha
and Mutual of Omaha

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 15th day of January, 2008, electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, request the Court to serve the same electronically, on the following counsel:

Thomas O. Sinclair, Esquire
tsinclair@cwl-law.com

Jenifer Champ Wallis
jwallis@cwp-law.com

                                            *s/Henry T. Morrissette*
                                            HENRY T. MORRISSETTE