IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **JERRY PARKER**, <br><br> **Plaintiff,** <br><br> v. <br><br> **MUTUAL OF OMAHA INSURANCE CO.; UNIVAL, INC.; UNITED OF OMAHA LIFE INSURANCE CO.; ALABAMA NATIONAL BANCORPORATION; ALABAMA NATIONAL BANCORPORATION GROUP INSURANCE PLAN;** <br><br> **Defendants.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **CIVIL ACTION NO. 3:07CV1107-WKW** |

## ANSWER AND DEFENSES OF DEFENDANT UNIVAL, INC.

COMES NOW defendant Unival, Inc., for and in answer to Plaintiff's Complaint, and states as follows:

## ANSWER

Defendant Unival, Inc. responds to the corresponding numbered paragraphs of plaintiff's Complaint as follows:

### I.     INTRODUCTION

1.     Unival denies that Plaintiff's characterization of this action is legally or factually correct as it relates to Unival, for the reason that Unival owes Plaintiff no legally cognizable duties, whether under ERISA or otherwise.  Neither does

1639844 v1

Unival owe Plaintiff any of the benefits sought, because such benefits were neither promised or denied by Unival.

## II.  JURISDICTION

2. Unival denies that jurisdiction under 28 USC 1331 is appropriate as it relates to Unival for the reason that Unival has neither promised nor denied any benefits to Plaintiff. While there may be diversity as between Plaintiff and Unival, complete diversity as between Plaintiff and defendants is lacking.

## III.  VENUE

3. Unival denies that venue is proper for the reason that it owes no duties to Plaintiff and has committed no breaches actionable by Plaintiff.

4. Unival denies that it "does business" in the State of Alabama.

## IV.  PARTIES

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Denied for the reason the same is untrue, Unival averring that it is a Michigan corporation with its principal place of business in Michigan.

12. Denied for the reason the same is untrue; Unival is not a plan

Case 3:07-cv-01107-WKW-SRW    Document 10    Filed 02/04/2008    Page 3 of 11

"fiduciary" of any employee welfare benefit plan at issue in this case. Unival is not required to be "licensed" to do business in the state of Alabama.

13. Unival admits that it may be a "party in interest" within the meaning of 29 USC 1002(14) but avers that in the absence of any allegation that it provided services that were either not necessary to carry out the business of the employee welfare benefit plan at issue here, or did so for compensation that was unreasonable, its status as a "party in interest" is without legal significance.

14. Admitted.

15. Admitted.

16. Admitted.

## V.    STATEMENT OF FACTS

17-29. Unival being without sufficient information upon which to form a belief, neither admits nor denies, leaving Plaintiff to his proofs.

30-33. Unival denies that it "did" any of the acts alleged – other of the defendants may (or may not) have done so, but Unival has paid no benefits to Plaintiff, and has not reviewed and denied (or granted) any benefits to Plaintiff.

34. Unival assumes that Plaintiff, and not "Defendant" submitted a LTD claim, but Unival denies that any such claim was submitted to Unival, because Unival neither promised any such benefits to Plaintiff, nor does Unival administer any plan that might have paid (or promised) such benefits to Plaintiff.

1639844 v1                                3

35-36.   Unival being without sufficient information upon which to form a belief, neither admits nor denies, leaving Plaintiff to his proofs.

37-40.   Unival denies that it "did" any of the acts alleged – other of the defendants may (or may not) have done so, but Unival has paid no benefits to Plaintiff, and has not reviewed and denied (or granted) any benefits to Plaintiff.

41-42.   Unival being without sufficient information upon which to form a belief, neither admits nor denies, leaving Plaintiff to his proofs.

43-47.   Unival denies that it "did" any of the acts alleged – other of the defendants may (or may not) have done so, but Unival has paid no benefits to Plaintiff, and has not reviewed and denied (or granted) any benefits to Plaintiff.

48-49.   Unival denies that it was a party to any such letter, for the reason that the same is untrue.

50.   Unival denies, for the reason that the same is untrue, that Plaintiff submitted any such document to Unival.

51-53.   Unival being without sufficient information upon which to form a belief, neither admits nor denies, leaving Plaintiff to his proofs.

54.   Unival denies being a party to any such "notification" to Plaintiff for the reason that Unival has paid no benefits to Plaintiff, and has not reviewed and denied (or granted) any benefits to Plaintiff.

55. Unival denies that Plaintiff has sent any money to Unival, for the reason that the same is untrue.

56. Unival denies being a party to any such "notification" to Plaintiff for the reason that Unival has paid no benefits to Plaintiff, and has not reviewed and denied (or granted) any benefits to Plaintiff.

57-64. Unival being without sufficient information upon which to form a belief, neither admits nor denies, leaving Plaintiff to his proofs.

65-66. Unival denies being a party to any such "notification" to Plaintiff for the reason that Unival has paid no benefits to Plaintiff, and has not reviewed and denied (or granted) any benefits to Plaintiff.

67. Unival being without sufficient information upon which to form a belief, neither admits nor denies, leaving Plaintiff to his proofs.

68-72. Unival denies being requested to produce any such documents, and denies any legal obligation (so far) to so produce the same for the reason that any such allegation is untrue. Unival makes no response as to the allegations regarding production (or non-production) by others as such allegations are not directed against it.

## VI.  CAUSE OF ACTION

### COUNT I

73. Unival adopts and incorporates all of its answers above as though fully set forth herein.

74-75. Admitted.

76-77. Unival being without sufficient information upon which to form a belief, neither admits nor denies, leaving Plaintiff to his proofs.

78. Unival denies being a party to any such decision for the reason that it neither promised Plaintiff any benefits nor had the power or authority to grant or deny such benefits.

79-84. Unival denies that it "did" any of the acts alleged – other of the defendants may (or may not) have done so, but Unival has paid no benefits to Plaintiff, and has not reviewed and denied (or granted) any benefits to Plaintiff.

## **COUNT II**

85. Unival adopts and incorporates all of its answers as set forth above as though full set forth herein, but avers that replicating Count I here in Count II seems superfluous.

86-91. Unival denies that it is a "Plan Administrator" or "de facto Plan Administrator" – and does not understand Plaintiff to so allege. Accordingly, the allegations of this Count II cannot pertain to Unival, and it makes no further answer thereto, except to deny any liability or responsibility to Plaintiff as alleged herein.

## PRAYER FOR RELIEF

Unival responds below to certain of Plaintiff's specific prayers for relief in the hopes of demonstrating the inappropriateness of being a named defendant herein.

A.   Unival is not a party to any employee welfare benefit plan/insurance policy and or pension plan to which Plaintiff claims to be a participant or beneficiary, so any award of "benefits" thereunder has no application to Unival.

B.   Without specifying which "Defendant" in the singular Plaintiff seeks a declaratory judgment, surely it can be agreed that Unival owes Plaintiff no benefits under any Plan of which Unival is the sponsor, administrator, fiduciary or otherwise.

C.   Unival can't pay "past due benefits" because it owes Plaintiff no benefits (however much he may be entitled to them from a Plan in which he is a participant).  The Court is welcome to "remove" Unival as a fiduciary – except that it has never been such in any plan from which Plaintiff seeks benefits.

D.   Plaintiff has articulated no basis for an award of any such relief from Unival.

E.   If, as and when Unival "administers" Plaintiff's claim, it shall be happy to exercise reasonable care, skill, prudence and diligence.  But Unival does

not even administer the Plan from which Plaintiff seeks benefits, much less administering Plaintiff's claim for such benefits.

F. Plaintiff, except by conveniently and mistakenly lumping "defendants" together, rather than differentiating their respective roles, responsibilities and alleged failings, has articulated no basis for any award "jointly and severally" among any of the Defendants, and certainly not Unival.

G. If the Court finds that Plaintiff is disabled under any Plan for which Unival has legal responsibility and liability, Unival should pay such benefits, but there is no such plan alleged here, and no such plan exists.

H. Unival is neither the Plan Administrator nor de facto Plan Administrator of the only Plan identified in the within cause, to wit the Alabama National Bancorporation Group Insurance Plan.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted, as to Defendant Unival.

## SECOND AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over Unival for the reason that Unival's contacts with the state of Alabama are too minimal and inconsequential to justify

personal jurisdiction, and because Unival's conduct raises no federal question, under ERISA or otherwise.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from any recovery in this action because of his failure to mitigate his alleged damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that plaintiff has "unclean hands," any claim for equitable relief is barred.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join indispensable and/or necessary parties.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim cannot be maintained to the extent that plaintiff has failed to complete and exhaust all of the necessary conditions precedent to bring such claim and cause of action.

## NINTH AFFIRMATIVE DEFENSE

Defendant expressly denies all allegations not specifically admitted herein.

## TENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to add any and all affirmative defenses applicable hereto which are not at this time ascertained, but will be added by amendment once identified.

/s/ Kathryn M. Willis
Stephen J. Bumgarner
Kathryn M. Willis (MOR130)

Attorneys for Defendant
UNIVAL, INC.

OF COUNSEL:
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

/s/ Jeffrey A. Heldt
Jeffrey A. Heldt
jheldt@kotzsangster.com

OF COUNSEL:
Kotz, Sangster, Wysocki and Berg, P.C.
300 Park
Suite 265

Birmingham, Michigan 48009
Telephone: (248)646-1055

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on the following by filing the same with the Clerk of Court on February 4, 2008 using the CM/ECF system which will send notification of such filing to the following:

Thomas O. Sinclair
Jennifer Champ Wallis
Campbell, Gidiere, Lee, Sinclair, & Williams
2100-A SouthBridge Parkway, Suite 450
Birmingham, Alabama 35209

/s/ Kathryn M. Willis _____
OF COUNSEL