# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| JERRY PARKER; ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | 3:07-cv-01107-WKW-SRW |
| MUTUAL OF OMAHA INSURANCE ) | |
| COMPANY; ) | |
| UNIVAL, INC.; ) | |
| UNITED OF OMAHA LIFE INSURANCE CO., ) | |
| ) | |
| Defendants. ) | |

## REPORT OF PARTIES PLANNING MEETING

1.  Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on **Friday, March 28, 2008** and was attended by Jenifer Wallis and Thomas O. Sinclair on behalf of Plaintiff Jerry Parker ("Plaintiff"), John S. Johnson on behalf of Defendants Mutual of Omaha Insurance Company ("Mutual of Omaha") and United of Omaha Life Insurance Co. ("United of Omaha") and Kathryn Morris Willis and Jeffrey A. Heldt on behalf of Defendant Unival, Inc. ("Unival").

2.  **Pre-Discovery Disclosures**. The parties will exchange the information required by Fed. R. Civ. P. Rule 26(a) on or before **April 11, 2008**.

3.  **Electronically Stored Information**: The parties will comply with the Federal Rules of Civil Procedure and Local Rules concerning discovery of electronically stored information ("ESI"). Defendants Mutual of Omaha and United of Omaha will produce

electronically stored information in PDF format, but will disclose in their Initial Disclosures the native format of "ESI."[1]

    4.    **General Claims/Defenses**. The general claims and defenses of the parties are as follows:

        a.    **Plaintiff's Position**

Plaintiff was a participant in an ERISA-governed welfare benefit plan. Said plan was funded in part by a policy of insurance issued by one of the Defendants. Plaintiff filed a claim for disability benefits under the insurance policy. Plaintiff alleges that termination of his long-term disability benefits was wrongful and in contravention of the terms of the plan. Accordingly, Plaintiff seeks the recovery of any and all benefits to which he may be entitled.

        b.    **Defendants' Position**

            1.  **Unival**-UNIVAL denies "issuing any (disability) policy", much less promising Plaintiff any benefits. UNIVAL was hired by Mutual of Omaha to arrange an IME for Plaintiff. UNIVAL did so, acting as a mere intermediary as between Mr. Parker and Mutual of Omaha, transmitting information back and forth, but having no substantive role to play in the determination of Mr. Parker's disability status.

            2.  **Mutual of Omaha Insurance Company and United of Omaha Insurance Company** - Defendants Mutual of Omaha's and United of Omaha's defenses are stated generally in their answer to the complaint, and they are adopted herein. All of Plaintiff's claims are preempted by ERISA. Defendants complied with all terms of the insurance contract between Plaintiff and United of Omaha. United of Omaha reasonably, appropriately and in good faith investigated Plaintiff's claim for benefits and determined that he no longer qualified for benefits under the terms of the contract.

    5.    **Discovery Plan**[2]:

        a.    Discovery will be needed on the following subjects:

---

[1] It is the Plaintiff's position that the Defendants must produce the documents in native format if requested to do so. It is the Defendants Mutual of Omaha and United of Omaha's position that they do not have to produce ESI in its native format.

[2] It is the Plaintiff's Position that it is for the Court to decide the applicable standard of review and what constitutes the "ERISA Record". Plaintiff also asserts that if the Defendants want to limit discovery they have the affirmative burden of seeking a protective order.

    (i.) All factual allegations and claims made by Plaintiff in his Complaint as well as facts relevant to determining the appropriate standard of review; determining whether the ERISA record is complete; and determining what instructions and material were provided to the Defendants' physicians in rendering their opinions;

    (ii.) All damages claimed by Plaintiff in this matter; and

    (iii.) All defenses raised by Defendants in this matter.

    It remains Defendants Mutual of Omaha's and United of Omaha's position that, because the policy at issue in this ERISA case gives United of Omaha discretionary authority to determine eligibility for benefits and interpret the terms and provisions of the policy, the Court's review is limited to the administrative record, which will be disclosed with the initial disclosures. For that reason, it is Mutual of Omaha's and United of Omaha's position that no discovery should be allowed in this case, with the possible exception of the reviewed additional information concerning Plaintiff's earnings and other financial information that would be pertinent to Plaintiff's ongoing claim.

  b. All discovery commenced in time to be completed by **December 21, 2008**.

  c. Maximum of **30** interrogatories, **30** requests for production and **30** requests for admission by each party to any other party without prior approval of the Court. (Responses due **30** days after service).

  d. Maximum of seven (7) depositions by each party.

  e. Supplementation under Rule 26(e) due no later than **30** days before the close of discovery.

  6. **Other Items**.

  a. The parties do not request a conference with the Court prior to entry of the Scheduling Order.

      b.      The parties should be allowed until **May 28, 2008** to join additional parties and to amend the pleadings, and until **June 30, 2008** to respond to any above-mentioned amendments.

      c.      Plaintiff must disclose any experts by **September 5, 2008**. Defendants must disclose any experts by **October 5, 2008.** Plaintiff requests until **October 15, 2008** to name any rebuttal experts; Defendants maintain that Plaintiff should not be given additional time to name rebuttal experts.

      d.      All potentially dispositive motions should be filed by **November 21, 2008**.

      e.      The parties are receptive to mediation but do not request Court ordered mediation at this time.

      e.      The Parties request a final pretrial conference in **March 2008**.

      f.      Final lists of trial evidence under Rule 26(a)(3) should be due pursuant to the terms of the pretrial order.

      g.      Parties should have **14** days after service of final lists of trial evidence to list objections under Rule 26(a)(3).

      h.      The case should be ready for a non-jury trial in **April 2009** and at this time is expected to take approximately **1-2 days**.

      Respectfully submitted:    April 2, 2008

s/ Jenifer Champ Wallis_____
Thomas O. Sinclair
Jenifer Champ Wallis
Attorneys for Plaintiff, Jerry Parker

**OF COUNSEL:**
CAMPBELL, GIDIERE, LEE, SINCLAIR & WILLIAMS

2100 Southbridge Parkway, Suite 450
Birmingham, AL 35209
(205) 803-0051

/s/ John S. Johnson
(By Jenifer Champ Wallis with the express permission of John S. Johnson)
John S. Johnson
Henry T. Morrissette
Attorneys for Defendants Mutual of Omaha Insurance Company and United of Omaha Life Insurance Company

**OF COUNSEL**:
HAND ARENDALL, LLC
2001 Park Place North
Suite 1200
Birmingham, AL 35203
(205) 324-4400

/s/ Kathryn Morris Willis
(By Jenifer Champ Wallis with the express permission of Kathryn Morris Willis)
Stephen J. Bumgarner
Kathryn Morris Willis
Jeffrey A. Heldt
Attorneys for Defendant Unival, Inc.

**OF COUNSEL:**
BURR & FORMAN, LLP
420 North 20th Street, Suite 3400
Birmingham, AL  35203
(205) 251-3000

**OF COUNSEL:**
KOTZ, SANGSTER, WYSOCKI & BERG, P.C.
300 Park, Suite 265
Birmingham, MI  48009
(248) 646-1055

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 2, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

John S. Johnson
Henry T. Morrissette
HAND ARENDALL, LLC
2001 Park Place North
Suite 1200
Birmingham, Alabama  35203

Stephen J. Bumgarner
Kathryn Morris Willis
BURR & FORMAN, LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203

Jeffrey A. Heldt
KOTZ, SANGSTER, WYSOCKI & BERG, P.C.
300 Park, Suite 265
Birmingham, Michigan  48009

                                                                                s/ Jenifer Champ Wallis
                                                                                **OF COUNSEL**